### (February 16, 1960)

■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of EPHRAIM STUMER, Deceased, Respondent, v. RUBIN CONSTRUCTION CORPORATION, Defendant-Appellant, and Third-Party Plaintiff-Respondent-Appellant. WORLD STEEL PRODUCTS CORP., Third-Party Defendant-Appellant-Respondent.

CROSS APPEALS from a judgment of the Supreme Court in favor of plaintiff against defendant and third-party plaintiff and in favor of third-party plaintiff against third-party defendant entered June 3, 1959, in New York County, upon a verdict rendered at a Trial and Special Term. Third-party defendant appeals from that part of said judgment which awarded judgment over in favor of defendant and third-party plaintiff. Defendant and third-party plaintiff appeals from that part of said judgment in favor of plaintiff and in favor of third-party defendant dismissing the second cause of action in the third-party complaint.

Judgment affirmed, with costs.

McNALLY, J. (dissenting). I dissent and vote to reverse the judgment and order a new trial on the ground that the verdict is against the weight of the evidence.

The testimony that Rubin's labor foreman was permitted to take over control and direction of the removal of the heavy bucks is incredible. So far as appears, it was World's obligation to move the bucks. That Applebaum, World's foreman, subjected himself and the safety of his men to the jurisdiction of Rubin's foreman, with no experience in rigging or the handling of heavy steel members, is likewise incredible.

On this record, the finding that the defendant Rubin exercised supervision and control of the decedent and was responsible for his safety in the course of the work is against the weight of the credible evidence. "We are not required to give credence to a story so inherently improbable that we are morally certain it is not true." (*Bottalico* v. *City of New York*, 281 App. Div. 339, 341.)

Moreover, the verdict in the death action is excessive. Decedent, 42 years old, earned $3,387.10 per year at the time of his death. Decedent's sole surviving next of kin was a brother, 47 years old, living in Australia. In his bill of particulars, plaintiff alleges that decedent earned about $75 per week and contributed between $45 and $112.50 every other week during 1954 to the support of his brother, and in addition, had once sent the brother $520 in cash and $560 in clothing.

Where, as here, the only apparent method of transmitting funds is by mail, cable, telegram or similar means, the failure to offer documentary evidence of any of the payments allegedly made by the decedent is highly significant. No check stubs, cancelled checks, money order receipts or any other type of documentary proof was offered to support the foregoing claims. The only evidence on the subject came from the brother who testified through written interrogatories and cross-interrogatories.

The judgment should be reversed and a new trial ordered.

Botein, P. J., Breitel, M. M. Frank and Stevens, JJ., concur in decision; McNally, J., dissents and votes to reverse in opinion.

Judgment affirmed, with costs of these appeals to plaintiff-respondent against the defendant-appellant and third-party defendant-appellant.